UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MATTHEW MERZ,<br><br>Plaintiff,<br>v.<br><br>COWLITZ COUNTY, et al.,<br><br>Defendants. | Case No. 3:25-cv-05242-TLF<br><br>ORDER |

This matter comes before the Court on pro se plaintiff Matthew Merz's motion for an extension of time to file a notice of appeal from the Court's September 24, 2026 order and judgment granting Defendants' motion for summary judgment. Dkts. 46, 47, 48, 49.

Plaintiff filed his motion and tendered notice of appeal on October 29, 2026, three days after the October 26, 2026 deadline. Dkts. 48, 49. It appears plaintiff has filed the appeal, docket number 26-7317, but has not paid the $605 docketing fee. Dkt. 51, Time Schedule Order/USCA Case Number (26-7317) (dated November 1, 2026). He has also submitted a motion for leave to appeal in forma pauperis. Dkt. 50.

In his motion, plaintiff seeks an extension under Federal Rule of Appellate Procedure 4(a)(5)(A), arguing that his failure to timely file resulted from excusable neglect because "[a]lthough he had previously received the correct October 26 date, he confused it with October 29 while attending to several other matters, erroneously

believing he could file on that later date." Dkt. 49 at 2. Defendants have not filed an opposition.

For the reasons below, the Court concludes that plaintiff has not shown excusable neglect and DENIES the motion (Dkt. 49). Plaintiff's application to proceed in forma pauperis on appeal (Dkt. 50) is DENIED AS MOOT.

**DISCUSSION**

A notice of appeal in a civil case generally must be filed within 30 days after entry of judgment. Fed. R. App. P. 4(a)(1)(A); 28 U.S.C. § 2107(a). When the deadline falls on a Saturday, the period continues to the next business day. Fed. R. App. P. 26(a)(1)(C). Accordingly, plaintiff's deadline to file his notice of appeal was October 26, 2026. He did not file this motion and notice of appeal with the court until October 29, 2026. Dkt. 49; *but see* Dkt. 51, Time Schedule Order/USCA Case Number (26-7317).

Under Rule 4(a)(5)(A), the Court may extend the filing deadline if the moving party establishes excusable neglect or good cause. In analyzing excusable neglect, the Supreme Court has held it is an equitable determination based on all relevant circumstances, including: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010). The decision whether to grant or deny an extension of time to file a notice of appeal is entrusted to the discretion of the district court. *Pincay v. Andrews*, 389 F.3d 853, 855–60 (9th Cir. 2004) (en banc). Inadvertence, ignorance of the rules, and mistakes in

construing them ordinarily do not constitute excusable neglect. *Harvest v. Castro*, 531 F.3d 737, 746 (9th Cir. 2008).

As the Second Circuit has explained, in the typical case, three of the *Pioneer* factors will favor the moving party:

> "[D]elay always will be minimal in actual if not relative terms, and the prejudice to the non-movant will often be negligible, since the Rule requires a 4(a)(5) motion to be filed within thirty days of the last day for filing a timely notice of appeal." And rarely in the decided cases is the absence of good faith at issue. But despite the flexibility of "excusable neglect" and the existence of the four-factor test in which three of the factors usually weigh in favor of the party seeking the extension, we and other circuits have focused on the third factor: "the reason for the delay, including whether it was within the reasonable control of the movant."

*Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir. 2003) (quoting *Lowry v. McDonnell Douglas Cor*p., 211 F.3d 457, 463 (8th Cir. 2000)

Here, the first, second, and fourth factors favor plaintiff. The delay was only three days, defendants have not identified any prejudice, and nothing in the record suggests plaintiff acted in bad faith. The relevant inquiry is whether the reason for the delay was in reasonable control of plaintiff.

Plaintiff acknowledges that he had received and knew the correct October 26 deadline. Dkt. 49 at 1. He contends he confused that date with October 29 while attending to other matters. *Id*. at 2. Pro se litigants are generally required to follow the same procedural rules as other litigants. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012) (en banc).

In *Pincay*, the Ninth Circuit affirmed the district court's decision to grant an extension after a paralegal miscalculated the applicable appeal period and the Court

emphasized that the determination depends on the particular circumstances and rests within the district court's discretion. *Id.* at 859. The Ninth Circuit rejected a categorical rule that calendaring errors can never constitute excusable neglect and affirmed the district court's decision to grant an extension under the circumstances presented. *Pincay,* 389 F.3d at 859–60.

Here, plaintiff knew the correct deadline, offers no explanation beyond confusing it with a later date, and identifies no external obstacle to timely filing. On these facts, plaintiff has not established excusable neglect under Rule 4(a)(5)(A).

**CONCLUSION**

For the foregoing reasons, plaintiff's motion for an extension of time to file a notice of appeal (Dkt. 49) is DENIED. Plaintiff's application to proceed in forma pauperis on appeal (Dkt. 50) is DENIED as MOOT.

Dated this 23rd day of November, 2026.

Theresa L. Fricke
United States Magistrate Judge